[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 312.]

OFFICE OF DISCIPLINARY COUNSEL *v*. GROVE.

[Cite as *Disciplinary Counsel v. Grove*, 2000-Ohio-81.]

*Attorney at law—Misconduct—Public reprimand—Failing to notify twelve clients of appeal filed by prosecuting attorney and failing to file briefs in those cases—Neglect of an entrusted legal matter—Intentionally failing to seek lawful objectives of client.*

(No. 00-1146—Submitted August 22, 2000—Decided November 15, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-57.

———————————

{¶ 1} On August 10, 1998, relator, Office of Disciplinary Counsel, filed a two-count complaint charging respondent, Charles L. Grove III of Dayton, Ohio, Attorney Registration No. 0029144, with violations of DR 6-101(A)(3) (neglecting a legal matter entrusted to him), 7-101(A)(1) (intentionally failing to seek lawful objectives of client), and 7-101(A)(3) (intentionally prejudicing or damaging client). Respondent filed an answer on August 25, 1998, and a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") held a hearing in this matter on May 31, 2000.

{¶ 2} Respondent, an employee of the Montgomery County Public Defender's Office, was the only attorney assigned to represent clients in appellate matters. Typically, respondent filed appeals on behalf of clients, challenging adverse trial court decisions. Respondent further managed a trial docket in a small, outlying municipal court. At about the time respondent engaged in the activities leading to the instant complaint, he was also assisting in installing and networking computers in the public defender's office.

**{¶ 3}** In 1995, according to respondent, the Montgomery County Prosecuting Attorney began to appeal all adverse decisions. As a result of these appeals by the state, respondent's caseload increased.

**{¶ 4}** In twelve cases that the prosecutor appealed, respondent failed to notify the clients of the appeal. Moreover, he did not file briefs in these cases, despite receiving notice from the Court of Appeals for Montgomery County that he file a brief or the court would decide the case without benefit of his brief. See App.R. 18(C). Respondent consciously decided not to file briefs, in part, because he was overloaded with work. He also concluded that his briefs would not change the outcomes of the appeals. The court of appeals decided all twelve cases without receiving briefs from respondent.

**{¶ 5}** In mitigation, respondent stated that the court of appeals thoroughly analyzed the cases. The parties stipulated that the court of appeals ruled consistently with controlling law and that respondent's failure to file a brief did not prejudice any client. Furthermore, respondent suffered from a painful back condition, which required surgery in July 1997, and cooperated completely with the investigation.

**{¶ 6}** The panel found that respondent violated DR 6-101(A)(3) and 7-101(A)(1). The panel recommended that respondent receive a public reprimand. The board adopted the findings of fact, conclusions of law, and recommendation of the panel.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, for relator.

*Victor A. Hodge*, for respondent.

_____

***Per Curiam.***

**{¶ 7}** We adopt the findings, conclusions, and recommendation of the board. We hereby publicly reprimand respondent and tax costs to him.

2

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____